IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW L. MELLETTE, | § | |
| | § | |
| Defendant Below, | § | No. 281, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2212002448 (N) |
| | § | |
| Appellee. | § | |

Submitted: September 1, 2023
Decided: October 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On August 14, 2023, the appellant, Matthew L. Mellette, filed a notice of appeal from a Superior Court sentence imposed on May 15, 2023 following Mellette's guilty plea. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed by June 14, 2023.

(2) The Senior Court Clerk issued a notice directing Mellette to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Mellette argues that his appointed counsel ("Counsel") was

ineffective in failing to preserve his right to appeal with the assistance of counsel as set forth in the Truth-in-Sentencing Guilty Plea Form.

(3)   At the Court's request, Counsel responded to Mellette's response to the notice to show cause. Counsel states that he advised Mellette if he pleaded guilty he would waive certain rights. The Truth-in-Sentencing Guilty Plea Form reflects that the box next to the question "Do you understand that because you are pleading guilty you will not have a trial, and therefore you waive (give up) your constitutional rights…to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer?"[1] Counsel further states that Mellette did not ask him to file an appeal and that he did not tell Mellette he would file an appeal.

(4)   Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

---

[1] Exhibit A to Appellant's Response to the Notice to Show Cause.
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

(5) Mellette has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[6] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed. If Mellette wishes to pursue an ineffective assistance of counsel claim, "such a claim must be pursued through a motion for postconviction relief under Superior Court Criminal Rule 61."[7]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] *See, e.g., Young v. State*, 2018 WL 6118713, at *1 (Del. Nov. 20, 2018) (dismissing appeal of inmate as untimely where there was a prison lockdown, limits on law library access, and the inmate's trial counsel advised that he did not ask her about filing an appeal); *Winchester v. State*, 2018 WL 4212138, at *1 (Del. Sept. 4, 2018) ("Defense counsel is not court-related personnel.").
[7] *Kane v. State*, 2015 WL 4464778, at *1 (Del. July 21, 2015).

3